No. 103.—WILLIAM B. CHAPMAN, plaintiff in error, *vs.* JOHN M. SMITH, defendant in error.

[1.] The Constable is entitled to thirty-one and a quarter cents for a return of *nulla bona*, on an insolvent tax execution.

[3.] He is not entitled to retain his fees for this service out of monies collected on other executions.

Certiorari, in Fulton Superior Court. Heard and decided by Judge BULL, April Term, 1856.

John M. Smith, as Tax Collector of Fulton County, placed

a number of tax *fi. fas.* in the hands of Wm. B. Chapman, a Constable of said County, for collection. Smith afterwards moved a rule in the Justice's Court, against Chapman, for the money collected on said *fi. fas.* Chapman, in his answer, admitted that he had received $632 37 on the *fi. fas.;* that he had paid over to the Tax Collector $520, and that he claimed the sum of 31¼ cents on each insolvent *fi. fa.* placed in his hands, upon which he had made the return of "*nulla bona*," of which there were 616, and that he had a right to retain that sum out of the amount collected by him on the solvent *fi. fas.* placed in his hands."

The Justice's Court held the answer of Chapman sufficient and discharged the rule; whereupon, Counsel for Smith sued out a writ of *certiorari* to the Superior Court. Judge BULL sustained the *certiorari* and over-ruled the decision of the Justices, and Counsel for defendant excepted.

UNDERWOOD; HAMMOND & SON, for plaintiff in error.

EZZARD & COLLIER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is the Constable entitled to the fee of thirty-one and a quarter cents allowed to him by law in other cases, for making a return of *nulla bona* on a *tax* execution?

After a careful examination of all the Statutes applicable to this subject, our conclusion is that the fee is due for this service; and the process by which we arrive at this result, is both short and simple.

[2.] By the Tax Act of 1812 the Constable is entitled to the same fees, and two and a-half per centum besides, on insolvent *tax* executions, that he is in other executions. (*Cobb's Dig.* 1059.) By the Act of 1840, (*Pamphlet*, 53,) the Constable is allowed a levy fee—that is, thirty-one and a quarter cents, for returning *nulla bona* on *fi. fas.* generally. But

the Act of .1812 being passed before the Act of 1840, Constables could not claim under the Act of 1840.  The Act of 1840 was passed on the 22d of December, and the very next day, the Legislature passed a Tax Act re-enacting the Act of 1812 and declaring it in force for 1841, and from thence afterwards, until repealed.  (*Cobb*, 1072.)

This being so, the provision in the 7th section of the Act of 1812, allowing the same fees on *tax fi. fas.* as in other cases, is made to attach to the Act of 1840, the same having been passed after it.

Could the Constable retain these costs on funds in his hands collected on other executions ?

My colleague thinks not, because neither under the plea of retainer or set-off, or in any other way, can the State be judicially coerced to pay a debt.  We concur in holding that these costs had no lien on money collected on other claims.